
FILED
2017 Oct-12 PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **THE SUMMIT HEALTH & REHAB SERVICES, INC.** | )<br>)<br>) |
| Plaintiff, | )<br>) **CIVIL ACTION NO.:** |
| v. | )  _____ |
| **PICKENS COUNTY MEDICAL CENTER, INC., AND PICKENS COUNTY HEALTH CARE AUTHORITY.** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff The Summit Health & Rehab Services, Inc. ("Summit"), states as follows for its Complaint against Defendants Pickens County Medical Center, Inc. ("PCMC") and Pickens County Health Care Authority ("PCHCA"):

### INTRODUCTION, PARTIES, AND JURISDICTION

1. This lawsuit arises out of Defendants' default under a contract (hereinafter referred to as the "Therapy Agreement") in which Summit agreed to provide to the Defendants certain qualified physical, occupational, and speech therapy services for an agreed-upon rate. Invoices issued pursuant to the Therapy Agreement have come due without payment from the Defendants.

2. Summit is a Mississippi corporation, with its principal place of business in Summit, Mississippi. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, Summit is a citizen of the state of Mississippi.

3. Defendant Pickens County Medical Center, Inc., is an Alabama non-profit corporation with its principal place of business in Carrollton, Alabama. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, the Defendant is a citizen of the state of Alabama. PCMC is owned, operated, controlled and/or managed by PCHCA.

4. Defendant Pickens County Health Care Authority is an Alabama non-profit corporation with its principal place of business in Carrollton, Alabama. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, the Defendant is a citizen of the state of Alabama. PCHCA owns, operates, controls, and/or manages PCMC.

5. Subject matter jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Personal jurisdiction and venue are also proper in this Court because all unpaid services forming the basis of this action took place in Pickens County, Alabama, and because the Defendants reside in Pickens County, Alabama.

- 2 -

PD.22039510.1

## APPLICABLE LAW

7. Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

8. Pursuant to a choice of law provision in the Therapy Agreement, this matter shall be governed by the laws of the State of Mississippi. See **Exhibit A**, § 11(B).

## FACTUAL BACKGROUND

9. Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

10. On August 1, 2012, Summit entered into the Therapy Agreement with PCMC, pursuant to which Summit agreed to provide therapy services to it.

11. Two months later, on October 3, 2012, PCHCA was created to own, equip, and operate public hospitals in Pickens County. Upon information and belief, upon its creation PCHCA obligated itself on or assumed the obligations of PCMC.

12. Summit has fully performed under the Therapy Agreement by providing the Defendants therapy services as set out in the Therapy Agreement.

13. As consideration for the provision of therapy services, the Defendants agreed to pay Summit according to the terms set forth in the Therapy Agreement. (See **Exhibit A**, *Service Rate Schedule A; Schedule B*.)

PD.22039510.1

14. The Defendants breached the Therapy Agreement by failing to pay Summit according to the terms set forth therein.

15. Defendants both benefited from Summit's performance under the Therapy Agreement.

16. By letter dated June 30, 2017, Summit notified PCMC that it would exercise its right to terminate the Therapy Agreement effective July 30, 2017, if the Defendants failed to pay Summit the amounts owed under its invoices and the Therapy Agreement. A true and correct copy of the June 30, 2017 letter is attached as **Exhibit B**.

17. The Defendants have failed and/or refused to pay the amounts owed under the invoices and the Therapy Agreement.

18. As of July 31, 2017, the Defendants owed Summit SIX HUNDRED AND TWENTY NINE THOUSAND FOUR HUNDRED AND ONE and 67/100 Dollars ($629,401.67), as summarized in the listing of unpaid invoice amounts attached hereto as **Exhibit C**.

19. The Defendants continue to accrue interest, costs, and attorneys' fees on the obligation.

20. On or about September 6, 2017, Summit gave Defendants notice that payment on the account was past due and demanded payment in the amount of $629,401.67, and provided an itemized statement of account to the Defendants. A

true and correct copy of the September 6, 2017 demand letter is attached hereto as **Exhibit D**.

21. Summit has received no response to its September 6, 2017 letter from Defendants.

## Facts Supporting Veil Piercing/Alter Ego Claim

22. Upon information and belief, at all times relevant to this action, the PCHCA owned, managed, and/or operated Defendant PCMC.

23. Upon information and belief, Defendant PCMC was and/or is a mere instrumentality or alter-ego of PCHCA for the transaction of its affairs.

24. Upon information and belief, Defendant PCMC is undercapitalized by PCHCA, and does not have any genuine or separate corporate existence but has been used and exists for the purpose of permitting Defendant PCHCA to transact a portion of its business under a separate corporate guise.

25. Because PCMC is in substance coextensive with and not distinct from PCHCA, the Plaintiff is entitled to pierce the corporate veil.

## COUNT I—BREACH OF CONTRACT

26. Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

27. The Therapy Agreement is a valid, enforceable contract.

28. Summit has fulfilled its duties under the Therapy Agreement.

29. Defendants have breached the Therapy Agreement by failing to make payments as they came due.

30. Summit has been damaged as a result of Defendants' non-performance under, and breach of, the terms of the Therapy Agreement.

**WHEREFORE**, Summit Health & Rehab Services, Inc. demands judgment against Defendants Pickens County Medical Center, Inc. and Pickens County Health Care Authority for all debts owed under the Therapy Agreement, including all unpaid invoices, prejudgment interest, attorneys' fees, costs of collection, and any and all other damages arising from the Defendants' default calculated through the date of judgment.

### COUNT II—QUANTUM MERUIT

31. Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

32. Defendants knowingly accepted valuable therapy services from Summit.

33. Defendants benefitted from Summit's therapy services and have issued and received payment from medical insurers and governmental programs such as Medicare and Medicaid for the services rendered by Plaintiff under the Therapy Agreement.

34.  Summit had a reasonable expectation of receiving compensation for its services, as evidenced by the Therapy Agreement, the invoices and the parties' course of dealing.

**WHEREFORE,** Summit Health & Rehab Services, Inc. demands judgment against Defendants Pickens County Medical Center, Inc. and Pickens County Health Care Authority for the reasonable value of its services and all other damages allowable by law arising from Defendants' conduct calculated through the date of judgment.

## COUNT III—UNJUST ENRICHMENT

35.  Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

36.  In the alternative, if there is no legal contract between Summit and Defendants, Defendants knowingly accepted valuable therapy services from Summit.

37.  Defendants benefitted from Summit's therapy services.

38.  Summit had a reasonable expectation of receiving compensation for its services, as evidenced by the Therapy Agreement, and Defendants reasonably should have expected to pay compensation to Summit for services received pursuant to the Therapy Agreement.

**WHEREFORE**, The Summit Health & Rehab Services, Inc. demands judgment against Defendants Pickens County Medical Center, Inc. and Pickens County Health Care Authority for the reasonable value of its services and all other damages allowable by law arising from Defendants' conduct calculated through the date of judgment.

### COUNT IV–SUIT ON OPEN ACCOUNT

39.  Summit adopts and re-alleges the above-referenced paragraphs as if stated fully herein.

40.  Summit provides medical services to Defendants.

41.  Accounts established by medical providers for services provided to their patients are open accounts within the purview of Miss. Code Ann. § 11-53-81 (Rev. 2012). Franklin Collection Serv., Inc. v. Stewart, 863 So.2d 925, 930 (Miss. 2003).

42.  As of the date of this complaint, Defendants owe Summit SIX HUNDRED AND TWENTY NINE THOUSAND FOUR HUNDRED AND ONE and 67/100 Dollars ($629,401.67) in unpaid invoices and interest through July 2017, as set forth in the unpaid invoices. (*See* **Exhibit C**.)

43.  Interest, attorneys' fees, and costs have continued to accrue since July 31, 2017 and will continue to accrue until the obligation is satisfied.

**WHEREFORE**, The Summit Health & Rehab Services, Inc. demands judgment against Defendants Pickens County Medical Center, Inc. and Pickens County Health Care Authority in the sum of SIX HUNDRED AND TWENTY NINE THOUSAND FOUR HUNDRED AND ONE and 67/100 Dollars ($629,401.67), plus interest, costs, and attorneys' fees calculated through the date of judgment.

Respectfully submitted,

*/s/ Danielle Mashburn-Myrick*
Allen "Teeto" Graham, (GRA051)
Danielle Mashburn-Myrick, (MAS053)
Attorneys for Plaintiff

OF COUNSEL:

**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
teeto.graham@phelps.com
danielle.mashburn-myrick@phelps.com

**PLEASE SERVE THE DEFENDANTS BY PRIVATE PROCESS SERVER AS FOLLOWS:**

PICKENS COUNTY MEDICAL CENTER, INC.
241 Robert K. Wilson Drive
Carrollton, Alabama 35447

Attn: Richard McBryde or Agent

PICKENS COUNTY HEALTH CARE AUTHORITY
241 Robert K Wilson Drive
Carrollton, AL  35447
Attn: H. Wayne McElroy or Agent